## STATE OF FLORIDA v BAKER

### Case No. 90-4-1319-TT

County Court, Bay County

October 31, 1990

### APPEARANCES OF COUNSEL

**Steven D. Meadows, Esquire,** Assistant State Attorney, for plaintiff.
**Paul G. Komarek, Esquire,** for defendant.

### OPINION OF THE COURT

WILLIAM A. COOPER, JR., County Judge.

### *ORDER IN LIMINE*

The State has asked this Court to determine whether it may present testimony at trial from the arresting officer concerning certain pre-Miranda verbal responses from the defendant elicited during the administration of a series of field sobriety tests, in light of *Pennsylvania v Muniz,* a U.S. Supreme Court opinion decided June 18, 1990, which holds that a defendant's verbal answers to questions posted during a post-arrest, pre-Miranda field sobriety test may be testimonial in nature and thus inadmissible at trial. The Court has previously ruled on this

point in this case, granting defendant's motion for mistrial after the arresting officer testified before the jury as to the results of an alphabet test administered to the defendant before he was placed under arrest, or given his Miranda rights. A second trial, during which the officer did not testify as to the alphabet test, resulted in a hung jury. The State now asks that the Court reconsider its ruling, arguing that, pursuant to *Berkemer v McCarty,* 468 U.S. 420, 104 S.Ct. 3138 (1984), and its progeny, the defendant was not in custody at the time of the test and therefore *Pennsylvania v Muniz* is inapplicable. (Both the State and the Defendant agree that if the defendant was in custody at the time of the verbal communications in question, then *Muniz* would apply and the results are inadmissible at trial.)

In determining whether the defendant was in custody for purposes of Miranda at the time of the administration of the field sobriety tests, the ultimate question is "whether there is a formal arrest or restraint on freedom of movement of the degree associated with a formal arrest." *California v Beheler,* 463 U.S. 1121, 103 S.Ct. 3517 (1983). The only relevant inquiry is how a reasonable man in the suspect's position would have understood his situation. *Berkemer,* supra. The roadside questioning of a motorist detained pursuant to a routine traffic stop does not necessarily constitute custodial interrogation for purposes of Miranda. This is because of the "noncoercive aspect of ordinary traffic stops." However, if a motorist is subjected to treatment that renders him "in custody" for practical purposes, even though the officer does not place him under arrest nor tell him that he is not free to leave, he then becomes entitled to Miranda protections. *Berkemer,* supra.

Accordingly, in order to determine whether this defendant was in custody, the Court must look at the circumstances surrounding the field sobriety tests and decide whether a reasonable man would have felt that he was in custody. The facts as developed at trial are that the defendant was involved in a traffic accident at 2:47 p.m. involving only damage to the two vehicles. The arresting officer and his partner arrived within three minutes and the arresting officer began conducting his traffic accident investigation. Another officer arrived shortly thereafter. During this investigation, Florida law requires that the drivers remain at the scene until its completion. Upon being advised by his partner and the driver of the wrecker service which had been called to the scene that the defendant appeared to be impaired, the officer informed the defendant that he had completed his traffic accident investigation and was beginning a criminal investigation. The officer had taken possession of the defendant's driver's license and registration and had not returned them to the defendant. The defendant's car was

149

rendered inoperable by the collision. The site of these proceedings was the Kentucky Fried Chicken restaurant located at a busy intersection in Callaway. According to the arresting officer's narrative accompanying his DUI citation, he "insisted" that the defendant submit to field sobriety tests. The defendant was placed under arrest at 3:30 p.m. At trial, the officer testified that, although he used the word "insisted" in his report, in fact he did not insist and only "requested" that defendant submit to field sobriety tests. He also stated that the defendant was free to go if he wanted to, although this was apparently not communicated to the defendant. After defendant's arrest, he was asked if he wished to submit to a chemical breath test to determine his blood alcohol level and he refused.

It is apparent to the Court from the foregoing facts that defendant felt compelled to submit to the field sobriety tests and therefore should have been given his Miranda rights beforehand. Although the surrounding circumstances were clearly sufficiently public enough to avoid any inherent coercive effect, the defendant certainly knew that the officer still retained his driver's license and registration, his car was inoperable and therefore he could not drive away, the wrecker operator (who might otherwise provide him a ride) had reported him to the officer as being impaired, and the officer's demeanor communicated insistence as he informed the defendant of the tests. When later given a genuine opportunity to choose whether or not to risk further incrimination by taking a breath test, the defendant chose to refuse, knowing that he would lose his privilege to drive in Florida for at least a year. It is unlikely that the defendant realized that he had a choice of refusing to submit to the field sobriety tests, nor would a reasonable person have so thought. This Court finds that the effect upon a reasonable person of an officer's insistence that the person submit to a battery of potentially incriminating sobriety tests is to believe that he is in custody. The test results, with the exception of the alphabet test which has been ruled testimonial in nature by *Muniz,* remain admissible. *Pennsylvania v Bruder,* — U.S. —, 109 S.Ct. 205 (1988).

DONE AND ORDERED in chambers at Panama City, Bay County, Florida, this 31st day of October, 1990.